# Egolf, Appellant, *v.* City of York.

*Contracts—Municipalities—Building contracts—Construction of sewer—Time of completion—Damages for delay—Cost of cleaning —Inspection—Set-off—Notice to proceed with work.*

1. In an action by a contractor against a municipality to recover a balance claimed to be due on a contract for the construction of part of a sewage system in the defendant city, and to secure incidental damages, the court did not err in leaving to the jury the question as to whether defendant was entitled to a set-off for damages resulting from plaintiff's failure to complete the work on contract time and for an additional amount expended by defendant for cleaning the sewer; where plaintiff introduced evidence to show that defendant had waived its right to a penalty for noncom-

pletion on the specified date, and claimed that the contractors were not obliged to clean sewers and hence could not be charged with the cost thereof; and where defendant offered evidence that the contractors were without a sufficient number of men to complete the contract within the time limit, that they were arbitrary in the conduct of the work and if they had followed the instructions of the city's authorized agents, the contracts could have been completed on time, that defendant could not inspect the work done by the contractors on account of the accumulation of cement, dirt and other substances stipulated against in the contract, which made it necessary to clean the sewers before they could be inspected, and the officers and engineers of the defendant proved the amounts expended by it in cleaning the sewer and in completing the work under the contract.

2. In such case the fact that the plaintiff was ordered to proceed with the work shortly before and after the time limit specified in the contract, is not sufficient to show a waiver by the defendant of its right to damages for delay.

Argued May 19, 1914. Appeal, No. 73, Jan. T., 1914, by plaintiffs, from judgment of C. P., York Co., April T., 1911, No. 35, on verdict for plaintiff, in case of Harry Egolf, trustee in bankruptcy of George W. Ruch & Co., substituted plaintiff for George W. Ruch and Joseph N. Ruch, trading and doing business as George W. Ruch & Co., v. City of York. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a sewer contract. Before ROSS, J.

Verdict for plaintiff for $9,250 and judgment thereon. The court refused plaintiff's motion for judgment n. o. v. as to items of set-off. Plaintiff appealed.

*Errors assigned*, among others, were in refusing to enter judgment n. o. v. in favor of plaintiff in the sum of $10,860.98 and various rulings to points.

*H. C. Niles*, with him *V. K. Keesey, J. S. Black* and *W. A. Carr*, for appellants.

*John L. Rouse*, city solicitor, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1914:

This appeal is by a plaintiff who recovered a verdict upon which judgment was entered, and who now claims that several items of set-off should not have been allowed to the defendant; he contends that, under the law and the evidence, certain specific requests for binding instructions in his favor, covering the items in question, should have been affirmed, and that, following the refusal of these requests, he was entitled to judgment non obstante veredicto for the total of such items; finally, that, since the court below declined to change the judgment entered by increasing the award to him, error was committed which should be remedied on this appeal.

The action was in assumpsit to recover a balance claimed to be due on a contract for the construction of part of a sewage system in the City of York, and to secure incidental damages.  When the case was here before (233 Pa. 36), we decided that, while the contract contained an arbitration clause, yet, the plaintiff was entitled to trial by jury on several issues not within the jurisdiction of the designated arbiter; and these were the matters involved at the last trial.  Originally, deductions aggregating over $20,000 were made, and the plaintiff states in his paper-book, "The right......to claim two of these deductions is the only question raised on this appeal; the sum of $10,865.98 was deducted as liquidated damages for failure to complete work under the contract on or before June 1, 1906......and $5,-388.15 was deducted as the amount expended......for cleaning......" The appellant contends, "The evidence shows conclusively that the city had waived its right to a penalty for noncompletion on June 1, 1906, that the contractors were not obliged to clean the sewers and could not be charged with the costs thereof, and that the plaintiff was entitled to a verdict for the amount of these two items with interest."

It is unnecessary to express an opinion on the propriety of the practice involved in this effort by a plaintiff who secured a verdict and judgment to have the amount awarded increased in the way here attempted, for, on the merits, we are not convinced of reversible error. A thorough examination of the record satisfies us that the evidence was sufficient to sustain the verdict as rendered; and we feel that the court below fairly submitted the case to the jury. The testimony was voluminous and the proofs conflicting; as stated by the learned trial judge, in his comprehensive opinion refusing to enter judgment notwithstanding the verdict, "......a review of the notes shows that all the relevant testimony offered was admitted, so as to give the jury a clear view of all the controverted facts...... The trend of the plaintiff's evidence was to prove that the delay in completion......was caused by the defendant in its neglect to give lines and grades and furnish sufficient inspectors to enable the contractors to punctually and expeditiously carry out the contract......The proof offered by the defendant tended to show that the contractors were without sufficient number of men to complete the contract within the time limit, that they were arbitrary in the conduct of the work, and that if they would have followed the instructions of the city's authorized agents, the contracts could have been completed in the time specified. It also produced evidence to show that after the city had taken the uncompleted contract from the plaintiffs, under its claim of right in the contract, it could not inspect the work done by the contractors on account of the accumulated cement, dirt and other substances stipulated against in the contract, which made it necessary to clean the sewers before they could be so inspected. Evidence was admitted to show the actual work done and money expended by the city to clean the sewers for the purpose of inspection; and the officers and engineers of the city explained the......amounts expend-

ed......in completing......under Article 17 of the contract proper."

Although Article 17 provides that "time is of the essence of this contract," and that the city is "authorized to deduct and retain......the sum of $50 per day as liquidated damages," nevertheless, the award for delay was not treated as a penalty, or even as liquidated damages, for the defendant did not insist upon a right to deduct the set per diem sum of $50; on the contrary, it offered proof of actual damages suffered through the delay. Again, the fact that the contractor was ordered to do work shortly before and after June 1, 1906, is not, under the circumstances of this case, sufficient to show a waiver by the city of its rights to damages for delay. The evidence accepted by the jury was ample to prove that the city's representatives had done all they reasonably could to facilitate the performance of the work, and that had the contractor promptly furnished labor and material the operation could have been completed on time; hence, the fact that after June 1, 1906, the city continued to call upon the contractor to proceed with his work, would not bar it from claiming damages for delay. (See York v. York St. Railway Co., 229 Pa. 236, 244-5). In conclusion, without attempting to analyze all the evidence, it is apparent that the defendant had the right and was obliged to clean the sewers, and that the contractor was liable for the proper cost of so doing; further, this item was sufficiently proved.

The assignments of error are overruled and the judgment is affirmed.